UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY COOPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:04-CV-399 JCH |
| ) | |
| MIKE KEMNA, ) | |
| ) | |
| Respondent. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Missouri state prisoner Anthony Cooper's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The matter is briefed and ready for a decision.

On August 21, 1998, a jury in the Circuit Court of the City of St. Louis, Missouri found Petitioner guilty of the following: first degree murder; first degree assault; two counts of forcible sodomy; two counts of first degree robbery; two counts of first degree burglary; and four counts of armed criminal action. (Response, Doc. No.7, Ex. B at pg. 266-72). The trial court sentenced him to life without the possibility of parole or probation, three more life sentences, and 345 years.[1] (<u>Id</u>.). On March 7, 2000, the Missouri Court of Appeals affirmed Petitioner's conviction. (<u>Id</u>. at Ex. E). On August 10, 2000, Petitioner filed a Rule 29.15 Motion for post-conviction relief in the Circuit

---

[1]Specifically, Petitioner received life without the possibility of parole or probation for the murder conviction; life for each forcible sodomy conviction; life for one of the armed criminal action convictions; seventy five years for each of the remaining armed criminal action convictions; thirty years for each robbery conviction; thirty years for the assault conviction; and fifteen years for each burglary conviction. (Reponse, Doc. No. 7, Ex. B at pg. 266-72.). The sentences are to be served consecutively. (<u>Id</u>.).

1

Court for the City of St. Louis, Missouri, which was denied on June 11, 2002. (Id. at Ex. F). On May 27, 2003, the Missouri Court of Appeals affirmed the Rule 29.15 motion court's judgment. (Id. at Ex. I).

In his § 2254 petition, filed April 8, 2004, Petitioner raises the following seven grounds for relief:

1. He received ineffective assistance of counsel when his trial attorney failed to object to Ronnie Golden's ("Golden") testimony regarding his drug dealing;

2. He received ineffective assistance of counsel when his trial attorney failed to object to the State bolstering and vouching for the testimony of Golden and Andre McIntosh ("McIntosh");

3. He received ineffective assistance of counsel when his trial attorney waived his right to be present during a portion of voir dire;

4. Appellate counsel was ineffective for failing to argue on appeal that the trial court erred in overruling his objection to Golden's testimony on hearsay grounds;

5. The trial court erred in failing either to grant a mistrial or to strike Martise Armstrong's testimony due to the State's failure to disclose her prior conviction;

6. The trial court erred by improperly restricting his cross-examination of Golden and McIntosh by prohibiting him from inquiring about their current deals with the State in exchange for their testimony;

7. His right to due process was violated, and a new trial is required, because a complete trial transcript was not available for review by the Missouri Court of Appeals.

On June 4, 2004, Respondent filed his Response. (Doc. No. 7). Petitioner failed to file a Traverse. The Court will address each ground for relief in turn.

**DISCUSSION**

A state prisoner may petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A state prisoner is entitled "'to relief on federal habeas corpus only upon proving that [his] detention violates . . . fundamental liberties . . . safeguarded against state action by the Federal Constitution.'" Wessling v. Bennett, 410 F.2d 205, 209 (8th Cir. 1969), quoting Townsend v. Sain, 372 U.S. 293, 312 (1963). "'[I]t is not the province of a federal habeas court to re-examine state-court determinations [of] state-law questions.'" Gee v. Groose, 110 F.3d 1346, 1349 (8th Cir. 1997), quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, a federal court is limited "'to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.'" Id.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104-132, 110 Stat. 1214, made numerous changes to Title 28, Chapter 153 of the United States Code, 28 U.S.C. §§ 2241-2255, the chapter governing federal habeas petitions. Specifically, in Section 104 of the AEDPA, Congress added new subsection (d) to 28 U.S.C. § 2254. That subsection provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d)(1), a petitioner may prevail if the state court's decision is opposite to that reached by the United States Supreme Court on a question of law or if a state court decides a case differently than the United States Supreme Court despite confronting

3

indistinguishable facts. See Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000), citing Williams v. Taylor, 529 U.S. 362 (2000) (holding that the "contrary to" clause refers to the Supreme Court's holdings and not its dicta); see also Ramdass v. Angelone, 530 U.S. 156 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a writ may issue only if the state court identifies that correct governing legal principle from the United State Supreme Court's decisions but unreasonably applies the principle to the facts of the petitioner's case. See Williams, 529 U.S. at 412. Under this clause, a federal habeas court should ask "whether the state court's application of clearly established federal law [as determined by the United States Supreme Court] was objectively unreasonable." Id. at 1521. It is not enough for the federal habeas court to conclude in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable. Id. at 1522.

## Exhaustion

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout,

4

893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

In **Ground 2**, Petitioner claims ineffective assistance of counsel because his trial attorney failed to object to the State bolstering and vouching for the testimony of Golden and McIntosh. In **Ground 3**, Petitioner claims ineffective assistance of counsel because his trial attorney waived his right to be present during a portion of voir dire. In **Ground 4**, Petitioner contends appellate counsel was ineffective for failing to argue on appeal that the trial court erred in overruling Petitioner's objection to Golden's testimony on hearsay grounds. Petitioner raised each of these grounds in his Rule 29.15 motion, but not on his appeal from the Rule 29.15 motion court's judgment. (Doc. No. 7, Ex. G at pg. 12-14, Ex. H.). A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (citation omitted); State v. Sumowski, 784 S.W.2d 643, 647 (Mo. 1990) (stating rule regarding exhaustion of constitutional claims in Missouri courts).

Because Petitioner has failed properly to raise these claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995). This Court cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Petitioner has made neither a showing of why he failed to pursue these arguments on appeal nor a showing of prejudice. Furthermore, the Petitioner does not allege his probable actual innocence, and therefore cannot show a fundamental miscarriage of justice. See Washington v. Delo, 51 F.3d

5

756, 760-61 (8th Cir. 1995). Accordingly, Grounds 2-4 are procedurally defaulted.

## Claims Addressed on the Merits

### Ground 1

In Ground 1, Petitioner alleges he received ineffective assistance of counsel when his trial attorney failed to object to Golden's testimony regarding his drug dealing. He claims that the evidence was irrelevant and that a different result would have occurred had his attorney objected. (Doc. No. 1, pg. 7).

Petitioner raised this claim before the Rule 29.15 motion court, which held as follows:

> The first allegation in movant's amended motion is that his trial counsel unreasonably failed to object to Ronnie Golden's testimony regarding movant's drug dealing as legally and logically irrelevant and improper evidence of prior conduct.
> Failure to object does not rise to the level of ineffective assistance of counsel unless the movant has suffered a substantial deprivation of the right to a fair trial. Williams v. State, 783 S.W. 2d 457 (Mo. App. 1990); Chambers v. State, 781 S.W.2d 116, 118 (Mo. App. 1989); Barnett v. State, 776 S.W.2d 928 (Mo. App. 1989); Schlup v. State, 771 S.W.2d 895, 900 (Mo. App. 1989). The fact that a meritorious objection is not made does not demonstrate incompetence. There must be a showing that the trial counsel's overall performance fell short of the established norms. State v. Cobb, 820 S.W.2d 704, 713 (Mo. App. 1991); Jones v. State, 784 S.W.2d 789, 793 (Mo. banc 1990), cert. denied 498 U.S. 881, 112 L. Ed. 2d 175, 111 S. Ct. 215 (1990). A defendant is held to the consequences of his attorney's failure to object, whether from strategic decision or inadvertence, and a failure to make even a meritorious objection does not demonstrate incompetence unless counsel's overall performance fell below established norms and the incompetence affected the outcome. State v. Briscoe, 913 S.W.2d 812, 816 (Mo. App. W.D. 1995). Further, counsel is not ineffective for failing to make meritless objections. Sidebottom v. State, 781 S.W.2d 791, 799 (Mo. banc 1989), cert. denied, 497 U.S. 1032, 111 L. Ed. 2d 804, 110 S. Ct. 3295 (1990). Counsel has no duty to object to admissible evidence. State v. Powell, 793 S.W.2d 505, 509 (Mo. App. 1990).
> Initially this Court notes that Mr. Lundt testified that he did not object to testimony regarding defendant Cooper's drug dealing because he did not believe it was objectionable. Counsel is not ineffective for failing to raise a meritless objection. There are exceptions to the general rule of exclusion of evidence that the accused has committed separate crimes from the one for which he is on trial. Here such evidence would have established motive, intent, a common scheme or that the robbery to obtain

6

> drugs was part of a continuous transaction of returning home to sell drugs, and it presented a complete picture of the crime. Finally this Court is unable to conclude that there is a reasonable probability that but for trial counsel's failure to object to this testimony that the result of this case would have been different because the jury would have had a reasonable doubt respecting defendant's guilt.

(Response, Doc. No. 7, Ex. G at pg. 36-38). The Missouri Court of Appeals, finding an extended opinion without merit, affirmed without comment. (Id. at Ex. J).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Upon review, the Court finds the decision of the Missouri state court was not contrary to clearly established federal law and did not unreasonably apply it. See Williams v. Taylor, 529 U.S. at 390-391, quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (In order to demonstrate ineffective assistance of counsel, Petitioner must show (1) his counsel's performance was deficient, in that his representation fell below an objective standard of reasonableness; and (2) that such deficient performance prejudiced Petitioner, in that there is a reasonable probability that but for counsel's errors the result of the proceeding would have been different). Petitioner has not demonstrated any prejudice from counsel's failure to object. The record shows that the jury knew that his desire to steal drugs was a motive for the crime. (Response, Doc. No. 7, Ex. A at pg. 955, 958-

7

59, 968-69). Thus, whether Petitioner intended to use the drugs or sell them is of no consequence. Petitioner's first claim for relief is denied.

**Ground 5**

In Ground 5, Petitioner contends that the trial court erred in failing either to grant a mistrial or to strike Martise Armstrong's ("Armstrong") testimony due to the state's failure to disclose Armstrong's prior conviction. Petitioner, in essence, alleges a Brady violation. See Brady v. Maryland, 373 U.S. 83 (1963).

On direct appeal, the Missouri Court of Appeals, without comment, denied this argument. (Doc. No. 7, Ex. C at pg. 23, Ex. E at pg. 5).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). When the state court makes a summary determination such as this one, there is "no hard and fast rules" about if it was determined on the merits. Niederstadt v. Nixon, 465 F.3d 843, 846 (8th Cir. 2006) (doubting that summary determination was made on the merits), quoting Brown v. Luebbers, 371 F.3d 458, 460-61 (8th Cir. 2004) (en banc). The Eighth Circuit has instructed that in this situation, this Court must "conduct an independent review of the record and

applicable law to determine whether the state court decision is contrary to federal law or unreasonably applies clearly established law." Id., citing Harris v. Stovall, 212 F.3d 940, 943 (6th Cir. 2000).

Upon consideration, this Court's independent review finds that the state court's decision was not contrary to clearly established federal law and did not unreasonably apply it. Brady requires the government to "disclose evidence favorable to the accused" and "material either to guilt or to punishment." Liggins v. Burger, 422 F.3d 642, 651 (8th Cir. 2005), quoting Brady, 373 U.S. at 87. Brady applies to impeachment evidence, and evidence is "material if there is a reasonable probably that, had the evidence been disclosed to the defense, the result of the proceedings would have been different." United States v. Conroy, 424 F.3d 833, 837 (8th Cir. 2005) (internal citations and quotations omitted). Petitioner cannot show that if the information about Armstrong's conviction had been revealed while she testified, the result of the proceedings would have been different. Additionally, any error was corrected when the parties read the jury a stipulation that Armstrong had a previous conviction for selling a controlled substance. (Doc. No. 7, Ex. K). Accordingly, Petitioner's fifth claim for relief will be denied.

**Ground 6**

In Ground 6, Petitioner alleges the trial court erred by improperly restricting Petitioner's cross-examination of Golden and McIntosh. (Doc. No. 1). Specifically, Petitioner assets that the trial court should not have prohibited him from inquiring about their current deals with the State in exchange for their testimony.

On direct appeal, the Missouri Court of Appeals, without comment, denied this argument. (Doc. No. 7, Ex. C at pg. 23, Ex. E at pg. 5).

9

Petitioner, in essence, asks this Court to reexamine an evidentiary determination made by the state courts. Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). On a review of a state court conviction, the federal court does not examine whether evidence was properly admitted under state law. Oliver v. Wood, 96 F.3d 1106, 1108 (8th Cir. 1996) citing Estelle v. McGuire, 502 U.S. 62, 68 (1991). Specifically, questions about the admissibility of evidence "are matters of state law and are reviewable in federal habeas corpus proceedings only when the alleged error infringes on a specific federal constitutional right or is so grossly or conspicuously prejudicial that it fatally infected the trial and denied the defendant the fundamental fairness that is the essence of due process." Adams v. Leapley, 31 F.3d 713, 715 (8th Cir. 1994), quoting Berrisford v. Wood, 826 F.2d 747, 749 (8th Cir. 1987). In making this determination, the Court must review the totality of the facts of the case pending before them and analyze the fairness of the particular trial under the circumstances. Keyes v. Bowersox, 230 F. Supp. 2d 971, 975 (E.D. Mo. 2002), citing Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir. 1988). Additionally, the burden on the Petitioner on this point is "much greater than that required on direct appeal and even greater than the showing of plain error." Owsley v. Bowersox, 47 F. Supp. 2d 1195, 1210 (W.D. Mo. 1999), quoting Mendoza v. Leapley, 5 F.3d 341, 342 (8th Cir. 1993).

Petitioner alleges that the right to confrontation was violated when the trial court limited what could be asked about on cross-examination. The Sixth Amendment guarantees "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Harrington v. Iowa, 109 F.3d 1275, 1277 (8th Cir. 1997), quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). To prevail on this argument, Petitioner must

show that "a reasonable jury might have received a significantly different impression of the witness' credibility had defense counsel been permitted to pursue his proposed line of cross-examination." Id. If the information comes before the jury, though not in the way Petitioner wanted it to, it is unlikely that a constitutional error occurred. Layton v. South Dakota, 918 F.3d 739, 741042 (8th Cir. 1990).

The trial transcript shows that both Golden and McIntosh were asked if they were receiving a deal for their testimony. (Response, Doc. No. 7., Ex. A at pgs. 1070-76. 1241-44). While Petitioner may have desired more comprehensive questioning, the jury knew of the pertinent impeaching fact, that both witnesses made a deal in order for more lenient sentences. Thus, no specific constitutional right was infringed. The Court also finds no prejudice resulted in the trial court's ruling. Petitioner's sixth ground for relief will be denied.

**Ground 7**

In Ground 7, Petitioner alleges that he should be granted a new trial because portions of the trial transcript were lost and it prevented meaningful appellate review. The Missouri Court of Appeals held as follows:

> The transcript of the trial was requested. The court reporter stated in an affidavit that her court reporter's bag containing the last three tapes of the trial was stolen. The stolen tapes provided the state's rebuttal evidence, prior offender hearings, instruction conference and closing argument. This court ordered the respective attorneys to prepare a stipulation for the missing portions of the transcript. The attorneys stipulated to certain facts but were unable to agree to certain other facts. This court granted the state's motion to remand to the trial court to resolve the disputed portions of the record. The trial court issued a certification of the trial record. Defendant filed a motion with this court objecting to the trial court's certification of the record and requesting the cause be remanded for a new trial. Defendant contended among other things that meaningful review of his claims was impossible and that the trial court's certification of the record was an inadequate remedy. Defendant also raised this issue in his brief.
> An appealing party is entitled to a full and complete transcript for an appellate court's review. State v. Middleton, 995 S.W.2d 443, 446 (Mo. banc 1999); State v.

> Anthony, 837 S.W.2d 941, 945 (Mo. App. E.D. 1992). However, a transcript that is inaccurate or incomplete does not automatically require reversal. Id. Defendant is entitled to a new trial only if he exercised due diligence to correct the deficiency in the record and was prejudiced by the incompleteness of the record. Id. Under the circumstances here, defendant exercised due diligence to correct the record. With the exception of the missing transcript for defendant's prior offender hearing that is discussed in our analysis for defendant's fourth point, review of the record and defendant's argument fails to reveal any prejudice resulting from the missing transcript. Defendant's request for a new trial is denied.

(Response, Doc. No. 7, Ex. E at pg. 2).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has never held that the absence of a portion of a trial transcript automatically entitles a defendant to a retrial. See Jackson v. Renico, 179 Fed. Appx. 249, 252 (6th Cir. 2006) (discussing Supreme Court precedent). In fact, the Supreme Court has held that a complete record does not require a verbatim transcript if the state can find another means of providing an adequate record. Mayer v. Chicago, 404 U.S. 189, 194 (1971). The Missouri Court of Appeals remanded Petitioner's case so that the record could be perfected by the trial court. This remand created a "complete" record on appeal. Thus, the Missouri Court of Appeals' decision was

neither contrary to clearly established federal law nor an unreasonable application of it.

Even assuming that the Missouri Court of Appeals did not receive a complete record, federal courts agree that a petitioner must show prejudice before they will grant habeas relief due to a missing transcript. Mitchell v. Wyrick, 698 F.3d 940, 941-42 (8th Cir. 1983) cert denied, 462 U.S. 1135 (mere absence of perfect transcript does not necessarily deny one due process of law); Godfrey v. Irvin, 871 F. Supp. 577, 585 (W.D.N.Y. 1994); White v. Florida, 939 F.2d 912, 914 (11th Cir. 1991) (following Mitchell and Bransford); Bransford v. Brown, 806 F.2d 83, 86 (6th Cir. 1986), cert. denied, 481 U.S. 1056; United States ex rel. Cadogan v. LaValle, 428 F.2d 165, 168 (2d Cir. 1970), cert. denied, 401 U.S. 914. Petitioner cannot show prejudice, as his claim presents nothing more than "gross speculation." Bransford, 806 F.2d at 86. Petitioner's final claim for relief will be denied.

## **CONCLUCSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 7th day of December, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE